```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                    :
UNITED STATES OF AMERICA                            :
                                                    :
          -v-                                       :        21-CR-100 (AKH)
                                                    :
ROBERT LEMKE,                                       :        ORDER DENYING
                                                    :        MOTION TO DISMISS
                                Defendant.          :        AND MOTION TO
                                                    :        SUPPRESS
                                                    :
-----------------------------------------------------------------------X
```

Alvin K. Hellerstein, United States District Judge:

      Defendant Robert Lemke ("Defendant" or "Lemke") moves to dismiss the indictment for failure to state an essential element of the crime charged pursuant to Fed. R. Crim. P. Rules 7 and 12 as well as the Fifth Amendment. ECF No. 24. Defendant also moves to suppress his post-arrest statements. ECF No. 26. Defendant's motions are denied.

      Defendant was arraigned on February 24, 2021, on a one-count indictment which alleges that Defendant violated the federal interstate threat statute, 18 U.S.C. § 875(c). *See* ECF Nos. 4,6. Section 875(c) criminalizes "transmit[ting] in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another." On June 21, 2021, the Government filed a superseding indictment (the "S1 Indictment"), alleging three counts of violating Section 875(c). *See* ECF No. 18. On July 21, 2021, after the instant motion was filed, the Government filed a second superseding indictment ("S2 Indictment"), which alleges the same three counts of violating Section 875(c) and includes further factual details. ECF No. 28. The S2 Indictment states:

      (i)      "On or about November 22, 2020 . . . the defendant, knowingly and intentionally transmitted in interstate and foreign commerce a communication containing a threat to kidnap a person and injure the person of another, to wit, LEMKE sent

     (ii)     electronic and voice messages to a New York City-based journalist ("Victim-1") threatening to cause physical harm to Victim-1 and Victim-1's family as a result of statements made by Victim-1 relating to the outcome of the 2020 U.S. presidential election";

     (ii)     "On or about November 29, 2020 . . . the defendant, knowingly and intentionally transmitted in interstate and foreign commerce a communication containing a threat to kidnap a person and injure the person of another, to wit, LEMKE sent electronic and voice messages to a New York City-based journalist ("Victim-2") threatening to cause physical harm to Victim-2 and Victim-2's family as a result of statements made by Victim-2 relating to the outcome of the 2020 U.S. presidential election"; and

     (iii)     "On or about January 6, 2021 . . . the defendant, knowingly and intentionally transmitted in interstate and foreign commerce a communication containing a threat to kidnap a person and injure the person of another, to wit, shortly after the attack on the United States Capitol in Washington, D.C., LEMKE sent electronic messages to a New York City-based family member ("Victim-3") of a journalist (the "Journalist") threatening to cause physical harm to Victim-3 and Victim-3's family as a result of statements made by the Journalist relating to the outcome of the 2020 U.S. presidential election."

## I.    Motion to Dismiss

Defendant argues that the S1 indictment was deficient because it does not allege that he intended to threaten the victims, and because it fails to provide sufficient factual details from which his subjective intent could be inferred. *See* Mot. Dismiss at 5-7. "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974). An indictment must charge a crime with "sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir.1992). However, "an indictment need do little more than to track the language of the statute charged and state the time

and place (in approximate terms) of the alleged crime." *Id*. (internal quotation marks omitted); *see also United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998).

In *Elonis v. United States*, 575 U.S. 723 (2015), the Supreme Court held that in order to establish a violation of Section 875(c), the Government must prove beyond a reasonable doubt the following three elements: (1) the defendant intentionally transmitted a communication in interstate commerce, (2) the circumstances were such that an ordinary, reasonable recipient familiar with the context of the communication would interpret it as a true threat of injury (i.e., the objective component), and (3) the defendant transmit[ted] [the] communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat (i.e., the subjective component).  A Section 875(c) indictment must therefore include an allegation as to the Defendant's subjective intent or contain sufficient factual information for the subject intent to be inferred.  *See United States v. Khan, 937* F.3d 1042, 1049–50 (7th Cir. 2019) (finding Section 875(c) indictment sufficient where it alleged that the defendant "knowingly" sent threatening communications and also contained factual specificity as to the contents of the threats made); *United States v. Martinez, 800 F.3d 1293, 1295 (11th Cir. 2015)* (finding that Section 875(c) indictment was insufficient where it alleged only that defendant "knowingly" sent threatening communication, without alleging the "mens rea or facts from which her intent can be inferred").

I hold that the S2 Indictment is sufficient.  Each count of the S2 Indictment states that Defendant "knowingly and intentionally" transmitted a communication containing a threat to kidnap a person.  *See* S2 Indictment.  The indictment therefore includes an allegation of Defendant's subject intent to communicate a threat.  Moreover, the S2 Indictment provides further factual details from which Defendant's subject intent to threaten the Victims can be

inferred. The S2 Indictment explains that Defendant left electronic and voice messages in which he threatened to cause physical harm to three journalists (the "Victims") and the Victims' respective families because of statements made by the Victims regarding the 2020 U.S. presidential election. *Id.* Because the S2 indictment alleges that Defendant acted intentionally transmitted the threat and provides further factual detail as to the type of threat made, I hold that the indictment sufficiently alleges the subjective intent element of a Section 875(c) violation. Defendant's motion to dismiss the indictment is therefore denied.

## II.     Motion to Suppress

Defendant also seeks to suppress his post-arrest statements. *See* ECF No. However, the Government states that it does not intend to offer the post-arrest statements in its case-in-chief, or during any cross-examination of Defendant. Since the Government does not intend to introduce Defendant's statements at trial, the motion to suppress is denied as moot.

In conclusion, Defendant's motions to dismiss the indictment, and to suppress his post-arrest statements are denied. Oral argument, currently scheduled for July 29, 2021, is hereby cancelled. The Clerk is instructed to terminate the open motions, ECF Nos. 24, 26.

SO ORDERED.

Dated: July 28, 2021  /s/ Alvin K. Hellerstein
New York, New York  ALVIN K. HELLERSTEIN
United States District Judge