**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

October 8, 2021

*VIA ECF*
The Honorable Alvin K. Hellerstein
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Robert Lemke,* 21 CR 100 (AKH)

Dear Judge Hellerstein:

On November 9, 2021, Mr. Lemke is scheduled to begin his trial on charges that he violated 18 U.S.C. 875(c), which makes it a federal offense to transmit communications containing a threat to kidnap or injure a person. Mr. Lemke respectfully submits the following motions *in limine* and asks that at the upcoming trial: (1) should Mr. Lemke decide to testify, the government be precluded from questioning him about his prior convictions and about alleged conduct for which he was never convicted; and (2) the government be precluded from introducing inflammatory and irrelevant evidence from google searches and social media accounts the government asserts are associated with Mr. Lemke.

I.   PURSUANT TO RULES 608 AND 609, THE GOVERNMENT MUST BE PRECLUDED FROM CROSS-EXAMINING MR. LEMKE REGARDING HIS CRIMINAL HISTORY, INCLUDING BOTH CONVICTED AND NONCONVICTED CONDUCT.

Based on the discovery provided by the government and criminal records obtained by the defense, Mr. Lemke has three criminal convictions, all of which are for misdemeanor offenses: in 2011, he was arrested and subsequently convicted of the misdemeanor offense of making a false report of an emergency; in 2011, he was arrested and subsequently convicted of a felony count of failure to appear—a charge that, on February 19, 2013, was reduced to a misdemeanor conviction; and, in 2015, he was arrested and subsequently convicted of a DUI.

The Honorable Alvin K. Hellerstein                                                                Page 2
October 8, 2021

        Re:    *United States v. Robert Lemke,* 21 CR 100 (AKH)

        In addition to these convictions, Mr. Lemke's criminal records and additional documents from discovery include alleged misconduct for which Mr. Lemke was never convicted. In some instances, Mr. Lemke does not even appear to have been arrested on the charges. In other instances, he was arrested but the charges were dismissed. Between 2009 and 2016, the criminal records include charges and/or arrests *without convictions* for making false reports of emergencies and providing false identification to law enforcement.

        Also, in 2015, Mr. Lemke was arrested and charged with the misdemeanor offense of criminal threats in violation of California Penal Code 422(a). Although the defense has no records related to the 2015 threat charge, at Mr. Lemke's detention hearings the government proffered that police reports allege that the charge stemmed from an interaction Mr. Lemke had with a police officer during a traffic stop. According to the government, during the traffic stop, Mr. Lemke allegedly made false claims that he was law enforcement; made statements to the arresting officer that were perceived as threats; and after the arrest, contacted the arresting officer's family and precinct and, in those communications, Mr. Lemke falsely reported who he was. *See* ECF Doc. No. 5, at 6-7. Mr. Lemke disputes the police reports' claims and was never convicted of any of the conduct alleged in them.

    A. THE GOVERNMENT SHOULD BE PRECLUDED FROM IMPEACHING MR. LEMKE WITH EVIDENCE OF HIS PRIOR CONVICTIONS.

        If Mr. Lemke chooses to testify, evidence of his past convictions should not be admitted to attack his character for truthfulness.

        Federal Rule of Evidence 609(a) allows evidence of a defendant's prior conviction to be admitted for the purpose of attacking the defendant's character for truthfulness, if he testifies and (1) the crime was punishable by death or imprisonment in excess of one year and the probative value of admitting the evidence outweighs its prejudicial effect to the accused, or (2) if the elements of the crime required proof of admission of an act of dishonesty or false statement, regardless of the punishment. *See* Fed. R. Evid. 609(a). Rule 609(b) further limits admission of a prior conviction when "more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Such a dated conviction is admissible only where (1) its probative value, supported by

The Honorable Alvin K. Hellerstein  Page 3
October 8, 2021

Re:   *United States v. Robert Lemke,* 21 CR 100 (AKH)

specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives reasonable written notice of its intent to use the conviction for impeachment purposes so that the party has a fair opportunity to contest its use. *Id.* 609(b).

Mr. Lemke's latter two misdemeanor convictions for failing to appear and for driving under the influence clearly are impermissible areas for cross-examination. Both are misdemeanor offenses and neither involve, as an element, an act of dishonesty or a false statement. *See, e.g., United States v. Vasquez,* 840 F.Supp.2d 564, 575 (E.D.N.Y. 2011) (collecting cases holding that failure to appear and similar convictions are not crimes that require an act of dishonesty).

Mr. Lemke's earliest conviction for making a false report of an emergency, which is a crime involving a false statement, nevertheless is not admissible for impeachment purposes. The criminal records produced by the government do not indicate the date of Mr. Lemke's conviction. The only date recorded is the date of his arrest—February 10, 2011, more than ten years ago.

The dated conviction is of limited probative value and poses a substantial danger of unfair prejudice. Mr. Lemke's conduct from more than *a decade ago*—even if it involved a false report—bears little on his propensity to tell the truth *today. See United States v. Sims,* 588 F.2d 1145, 1148 (6th Cir. 1978) ("When stale convictions are offered for the purpose of impeaching a witness, they often shed little light on the present tendency of the witness towards truthfulness and veracity."). The risk of prejudice is especially pronounced here because both the prior conviction and the instant charges involve allegations of the same fundamental wrongdoing—Mr. Lemke's misuse of speech. *See Gordon v. United States,* 383 F.2d 936, 940 (D.C. Cir. 1967). As such, introduction of the prior conviction poses the danger that the jury will evaluate the prior conviction, not for its bearing on Mr. Lemke's credibility, but on his propensity to commit speech crimes. Accordingly, the government cannot meet its burden of showing that the probative value of the misdemeanor conviction substantially outweighs the prejudicial effect on Mr. Lemke.

The Honorable Alvin K. Hellerstein                                                                        Page 4
October 8, 2021

      Re:    *United States v. Robert Lemke,* 21 CR 100 (AKH)

B. THE GOVERNMENT SHOULD BE PRECLUDED FROM CROSS-EXAMINING MR. LEMKE CONCERNING ALLEGED CONDUCT UNDERLYING CHARGES AND ARRESTS FOR WHICH HE WAS NEVER CONVICTED.

If Mr. Lemke chooses to testify, the government must be precluded from inquiring into prior instances of alleged dishonest conduct for which he was not convicted.

Rule 608(b)(1) provides that a court "may, on cross-examination, allow" inquiry into "specific instances of a witness's conduct … if they are probative of the character for truthfulness or untruthfulness of … the witness." However, "Rule 608(b) in intended to be restrictive." 4 Weinstein's Fed. Evid. § 608.22[c][1]. Thus, "[s]weeping questioning about behavior that might indicate a witness's inclination to give false testimony should not be allowed. To countenance this would pave the way to an exception that swallows the rule." *Id.* In addition, "[c]ourts apply Rule 608(b) in conjunction with Rule 403, which permits the introduction of evidence only 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'" *United States v. Schlussel,* 2009 WL 536066, at *3 (S.D.N.Y. Feb. 27, 2009); *see United States v. Schwab,* 886 F.2d 509, 513 (2d Cir. 1989) (applying Rule 403 in assessing permissibility of Rule 608(b) inquiry).

At the threshold, this Court must preclude cross-examination of prior instances of allegedly dishonest conduct because the government lacks a reasonable basis for the questioning and the questioning, alone, will mislead the jury and prejudice Mr. Lemke. *See Hynes v. Coughlin.* 79 F.3d 285, 294 (2d Cir. 1996) (for cross-examination pursuant to Rule 608, questioner must have good-faith basis for questions with regard to prior instances where witness was untruthful); *United States v. Scotti,* 47 F.3d 1237, 1248 (2d Cir.1995) ( "trial court may, in its discretion, preclude questions for which the questioner cannot show a good faith basis") (additional citations omitted). The government's only source of information appears to be unsworn and unconfronted arrest reports (if even that).[1] Mr. Lemke denies the charges and has never been convicted of them. His denials, however, will fall on deaf ears if the government is permitted to

---

[1] Of course, the arrest reports and any other extrinsic evidence is inadmissible. Rule 608(b) (extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.").

Re:    *United States v. Robert Lemke,* 21 CR 100 (AKH)

inquire into the arrests and dismissed charges. Mr. Lemke will be impermissibly prejudiced by the questioning alone.

> Few opportunities for lawyers provide better opportunity to inject prejudice and collateral issues into a case than cross-examination of witnesses on prior acts for purposes of suggesting untruthfulness. In some respects, this mechanism of impeachment invites abuse because the examining lawyer almost cannot lose. … [A] lawyer who is reasonably skillful can hope to "come out ahead" by putting such questions regardless what answer the witness gives. In its important 1948 decision in the *Michelson* case that amounts to an American classic, the Supreme Court recognized that character may be impugned simply by asking questions about specific behavior, since even a string of emphatic, heartfelt, and categorical denials may leave a witness effectively impeached.

3 Federal Evidence § 6:34 (4th ed.) (citing *Michelson v. U.S.*, 335 U.S. 469, 481 (1948)).

In *Schwab,* the Second Circuit addressed the same issue raised here and found error where the district court permitted inquiry by the government on cross examination into defendant-witness's nonconvicted misconduct. *Schwab,* 886 F2d at 513. At trial, under the guise of Rule 608(b), the government questioned defendant about allegations that he committed tax fraud and perjury, even though the defendant had been tried and acquitted of the tax fraud and the perjury charges had been dismissed. On the stand, the defendant-witness denied any wrongdoing. Finding error, the Court recognized the "blunt reality" of prejudice that resulted from questioning defendant about conduct for which he had never been convicted and which he denied. "[T]he only purpose served by permitting the inquiry is to place before the jury the allegation of misconduct …. To permit the inquiry risks unfair prejudice…. When the witness is the defendant, the significant of the prejudice is magnified." *Id.* at 513.

While the Court must not allow inquiry into any of the unconvicted conduct, its gatekeeping function especially demands preclusion of inquiry into the 2015 threat arrest. There is no way to question Mr. Lemke about those allegations without revealing the nature of the 2015 threat charge; a charge that is nearly identical to the charges in the Indictment. The risk that the jury will consider it for an improper propensity purpose is overwhelming. And, while the

Re:    *United States v. Robert Lemke,* 21 CR 100 (AKH)

risk of prejudice is substantial, the probative value of the evidence—which will be Mr. Lemke's denial that he committed the acts alleged—is less than minimal.

For all of these reasons, the government must be precluded from attempting to impeach Mr. Lemke's credibility on cross-examination by inquiring into his criminal history and allegations of prior acts of dishonesty.

II. PURSUANT TO RULES 401—404, THE COURT MUST PRECLUDE THE ADMISSION OF IRRELEVANT AND PREJUDICIAL EVIDENCE OF INTERNET SEARCHES AND POSTINGS ATTRIBUTED TO MR. LEMKE REGARDING SUBJECTS ASSOCIATED WITH THE AMERICAN FAR-RIGHT.

The government's discovery production includes online searches and social media postings that the government has attributed to Mr. Lemke. Some of this material includes imagery associated with the American far-right and political extremism. For example, the government has produced a Facebook page associated with Mr. Lemke. The background photograph of the Facebook page is an image of Mark and Patricia McCloskey, the controversial couple who were captured on a widely circulated video pointing guns at peaceful Black Lives Matter protestors in June 2020. In many circles, the McCloskeys are reviled. The government also has produced Google searches conducted through an account associated with Mr. Lemke. Some of the searches include terms associated with political extremist groups, including the Oathkeepers. The Oathkeepers are an anti-government, right-wing militia organization with an extremist political agenda grounded in violent unrest. This and similar material is inflammatory, highly prejudicial and has no relevance to the issues before the jury. For the reasons that follow and pursuant to Fed. R. Evid. 401—403, the Court must preclude its introduction.

Fed. R. Evid. 402 provides that "[r]elevant evidence is admissible unless" the Rules provide otherwise, but that "[i]rrelevant evidence is not admissible." Fed. R. Evid. 401 defines relevance: "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 403 authorizes a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, … undue delay, [or] wasting time."

The Honorable Alvin K. Hellerstein │ Page 7
October 8, 2021

Re: *United States v. Robert Lemke,* 21 CR 100 (AKH)

     Here, evidence that Mr. Lemke searched for or posted imagery associated with far-right politics is irrelevant and inadmissible under Rule 402, as well as excludable under Rule 403. Mr. Lemke is on trial for sending communications that the government will contend were "true threats." The question for the jury will be whether a reasonable person could perceive the communications as threats of bodily injury and whether the sender intended them to be threats of bodily injury. Mr. Lemke's internet activity is irrelevant to the first inquiry and any minimal probative value it has on the second inquiry is clearly outweighed by the prejudicial impact of the evidence's admission.

     The evidence is also "needlessly [ ] cumulative." *See* Fed. R. Evid. 403. The communications that are charged as threats in the Indictment make abundantly clear their sender's political ideology and where on the political spectrum the sender falls. The charged communications reference that the 2020 election was stolen from Donald Trump and that the election's certified results were the product of voter fraud. To the extent the government argues Mr. Lemke's politics are relevant to his state of mind, they are entitled to make such arguments from the direct evidence. They are not entitled to prejudice the jury with internet activity that is divorced from and unrelated to the charged communications.

     Should the Court be inclined to allow the government to offer internet activity attributed to Mr. Lemke, the Court must limit the volume and type of material, taking care to preclude the admission of especially inflammatory material, like the image of the McCloskeys and search terms involving the Oathkeepers. *See generally, Untied States v. Abu-Jihaad,* 630 F.3d 102, 133 (2d Cir. 2010) (in terrorist case, applauding court's decision to limit inflammatory material related to ISIS by reviewing the material and excising its most prejudicial content).

## Conclusion

For the foregoing reasons, the Court should grant Mr. Lemke's motions *in limine* and (1) preclude certain cross-examination of Mr. Lemke, and (2) preclude the admission of inflammatory and prejudicial evidence.

Respectfully submitted,

/s/Julia Gatto
Julia L. Gatto
Anna Schneider
Assistant Federal Defender
(212) 417-8750

cc:   AUSAs Kyle Wirshba/Kim Ravener (via ECF)