UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                  :

UNITED STATES OF AMERICA        :   **ORDER DENYING**

                                  :   **DEFENDANT'S MOTION TO**

         v.                       :   **TERMINATE SUPERVISED**

                                  :   **RELEASE**

ROBERT LEMKE,                :

                                  :   21 Cr. 100 (AKH)

                    Defendant.  :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Defendant Robert Lemke moves for early termination of supervised release. He contends that he has abided by the conditions of his term of supervised release, that his conviction is unconstitutional, and that he has engaged in mental health therapy since his sentencing. These are not sufficient reasons prematurely to end Defendant's supervised release, and accordingly, I deny his motion.

    I previously sentenced Defendant to 36 months' imprisonment, to be followed by three years of supervised release, for sending threatening interstate communications to dozens of individuals, including journalists and elected officials. ECF No. 55. These messages threated harm against their recipients and families for making statements than then-President Donald Trump had lost the 2020 presidential election. ECF Nos. 1, 44. Defendant's communications also stated that armed members of the military and law enforcement were ready to attack the targets of these messages. *Id.* To date, Defendant has served slightly less than half of his term of supervised release.

    I may, "after considering the factors set forth in" 18 U.S.C. § 3553(a), "terminate a term of supervised release" if the defendant has served at least one year of supervised release, and if "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). But that is not the case here. *See United States v. Bouchareb*, 76 F. Supp. 3d

478, 480 (S.D.N.Y. 2014) ("A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release."). Prematurely terminating Defendant's supervised release is not warranted by his conduct, is not in the interest of justice, and contravenes the Section 3553(a) factors.

Here, disgruntled with the results of the 2020 election, Defendant took it upon himself to engage in a concerted campaign to terrify and intimidate reporters and politicians, as well as their families, with threats of violence and physical harm. He intended to coerce his victims to report in the media, and vote in Congress, in accordance with his wishes, and caused his victims emotional harm and fear for their safety. Defendant has a record of causing harm to others through criminal conduct, and there is no sufficient basis to believe that his proclivities to threaten violence have diminished. Here, he argues in his motion that his conviction is an unconstitutional infringement on his First Amendment rights, and continues to minimize the gravity of his actions. ECF No. 66 at 14-17. The nature and circumstances of Defendant's offense, as well as the need for the sentence imposed to reflect the seriousness of his conduct and afford adequate deterrence, all militate against the early termination of Defendant's supervised release. *See* 18 U.S.C. § 3553(a). Accordingly, I deny Defendant's motion.

The Clerk shall terminate ECF No. 66, and shall mail a copy of this Order to Defendant.

SO ORDERED.

Dated:    January ___, 2025
          New York, New York

ALVIN K. HELLERSTEIN
United States District Judge